SCHWARTZENBACH et al. v. HASS et al.

(Supreme Court, Appellate Term. October, 1901.)

1. SALES—BREACH OF CONTRACT—MEASURE OF DAMAGES.
    In an action for the breach of a contract for the sale of goods, the measure of damages is the difference between the contract price and the market value at the place and time of delivery.

2. SAME—REMEDIES OF THE SELLER—RESALE—ELECTION.
    Though, on a purchaser's refusal to accept goods, the seller may resell, and recover the difference between the contract price and the price obtained, he is under no obligation to do so.

Appeal from municipal court, borough of Manhattan, First district.

Action by Robert Schwartzenbach and others against Benjamin Hass and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Sullivan & Cromwell, for appellants.

Rabe & Keller, for respondents.

McADAM, P. J. The plaintiffs entered into an agreement by which they agreed to sell to the defendants 24 pieces of black taffetas at 68½ cents per yard; one-half part to be delivered on August 15, 1900, and the remaining one-half part on October 15, 1900. The August delivery in pursuance of the contract was paid for. Another delivery was tendered on October 15, 1900, and refused by the defendants. The action is to recover the damages sustained by the defendants' refusal to accept said October delivery. The defense was breach of warranty; that the 24 pieces of taffetas were to be sound, strong, merchantable goods, free from defect or injury, and should be in all respects equal in quality to the sample or pieces of taffetas theretofore received by the defendants from the plaintiffs, which were sound, strong, merchantable goods; and that they were not as represented. The defect, it was claimed, entered into the goods delivered in August, as well as those tendered in October.

The justice, upon conflicting evidence, seems to have found in favor of the plaintiffs on all the facts, impliedly holding that there was no warranty accompanying the sale, or that the goods delivered in August and those tendered in October fully conformed thereto. Either finding was authorized by the evidence.

The defendants having refused to accept the October delivery, the

plaintiffs, as they lawfully might, retained the goods, and recovered as damages $151.53 and interest; being the difference between the market value of the goods at the time and place of delivery, and the contract price,—the legal measure of damages. Moore v. Potter, 155 N. Y. 481, 486, 50 N. E. 271, 63 Am. St. Rep. 692, and authorities cited. While the plaintiffs might have resold the property, and recovered the difference between the contract price and the price obtained upon the resale, they were under no obligation to do it. Moore v. Potter, supra.

The evidence sufficiently proves the damages allowed. The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.